WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Attorneys appearing: Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RAMEN-YA, INC.,<br><br>　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 23-10979-mg |

**TRUSTEE'S APPLICATION PURSUANT TO BANKRUPTCY CODE § 327(a)**
**FOR AUTHORITY TO RETAIN AND EMPLOY FLORENCE ROSTAMI LAW, PLLC**
**AS SPECIAL COUNSEL EFFECTIVE JULY 5, 2023**

**TO THE HONORABLE MARTIN GLENN,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

　　　　Alan Nisselson (the "*Trustee*"), as trustee for the chapter 7 estate (the "*Estate*") of Miho Maki (the "*Debtor*"), respectfully submits this application (the "*Application*") for authority to retain and employ Florence Rostami Law LLC ("*Rostami Law*"), as his special counsel effective as of July 5, 2023. In support of the Application, the Trustee represents as follows:

　　　　　　　　　　　　**A.　　Preliminary Statement**

　　　　1.　　In 2017, Rostami Law commenced an action in the United States District Court for the Southern District of New York (the "*District Court*"), initially on behalf of five plaintiffs (seven more plaintiffs joined the action in March 2018), alleging that the Debtor, among other defendants, committed various labor law violations. In August 2022, the District Court entered a judgment against the defendants, including the Debtor, for nearly $1.8 million. In seeking to collect on that judgment, Rostami Law discovered various assets and causes of action that became property of the Debtor's Estate upon the commencement of this bankruptcy case,

including fraudulent transfers and alter ego or veil piercing claims. Rostami Law has filed motions in the District Court to seek to collect those assets, and has agreed to turn over the proceeds to the Trustee for the benefit of the Estate. On July 20, 2023, pursuant to 28 U.S.C. § 157(d), the District Court granted Rostami Law's motion to withdraw the reference with respect to these motions concerning collection of Debtor's assets. Since those proceedings are pending in the District Court, which has had the case for over six years, the Trustee consented to Rostami Law's motion to withdraw the reference and believes that the best interests of creditors, the Estate, and judicial economy are served by retaining Rostami Law to continue these actions. The Trustee accordingly applies for authority to retain and employ Rostami Law as his special counsel on the terms and conditions set forth below.

### B. Jurisdiction; Venue; Statutory Bases for Relief

2. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, the *Standing Order of Referral of Cases to Bankruptcy Judges* of the District Court, dated July 10, 1984 (Ward, Acting C.J.), and the *Amended Standing Order of Reference* of the District Court dated January 31, 2012 (Preska, C.J.). Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are pursuant to section 327(a) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### C. Background

3. On June 23, 2023 (the "***Petition Date***"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 the Bankruptcy Code, by its attorneys, Pick & Zabicki LLP.

4. Thereafter, the United States Trustee (the "*UST*") appointed the Trustee as trustee of the Debtor's Estate pursuant to Bankruptcy Code § 701(a).

5. On July 12, 2023, the Court entered an Order authorizing the Trustee to retain and employ Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**") as his counsel in this case (Doc. 9).

**D.      Debtor's Assets and Liabilities, and Pending Litigation Affecting Them**

6. The Trustee reviewed the Debtor's petition, filing schedules, Statement of Financial Affairs, and related filing documents.

7. In Schedule A/B, the Debtor listed a security deposit held by the Landlord. In Schedule D, the Debtor listed a secured debt of $149,900.00, and also discloses funds in that amount are held by its accountant Kil S. Jung, CPA to pay a secured EIDL Loan.

8. In Schedule E/F, the Debtor listed unsecured debts totaling $1,906,102.00 comprised of two debts: $161,469.00 due to the Landlord, and $1,798,633.00, which is a judgment entered on August 10, 2022 ("**Judgment**") in favor of twelve plaintiffs against the Debtor and five other defendants in a case commenced and pending in the District Court titled *Keawsri et al. v. Ramen-ya Inc. et al.*, Case No 1:17-cv-02406-LJL-OTW (the "**Labor Violations Litigation**"). Rostami Law is counsel to the plaintiffs in the Labor Violations Litigation.

9. On July 18, 2023, the Trustee examined the Debtor at the initial section 341(a) meeting of creditors.

10. The Trustee has conducted discussions with Debtor's counsel and Florence Rostami, Esq. of Rostami Law. The Trustee is advised that plaintiffs' motions are pending in the District Court in the Labor Violations Litigation seeking to collect assets of the Estate, including with respect to restaurant Kuraku, and for other related relief. The District Court has scheduled a

hearing to consider these motions and other related matters for August 14, 2023. Because Rostami Law commenced and prosecuted the Labor Violations Litigation, which has been pending for more than six years, both the Rostami Firm and the District Court have acquired deep familiarity with the parties and the issues. Accordingly, the Trustee consented in the interests of efficiency and judicial economy to the withdrawal of the reference of these pending matters to the District Court, provided that the Trustee is authorized to retain and employ the services of Rostami Law as special counsel to represent his interests and those of the Estate on the terms and conditions set forth in this Application. Rostami Law has agreed to continue pursuing the collection of Estate assets in the District Court in connection with the plaintiffs' judgment, and to turn over all collected assets to the Trustee for the benefit of the Estate.

### E. Relief Requested

11. The Trustee wishes to retain and employ Rostami Law, located at The Graybar Building 420 Lexington Avenue, Suite 1402, New York, New York 10170, as his special counsel in the Labor Violations Litigation, under a general retainer, effective as of the Petition Date, the date that Rostami Law started rendering services to the Trustee. The attorneys of Rostami Law who will be assigned to this case are duly admitted to practice before this Court and the District Court and are well qualified to represent the Trustee in that case.

12. It is anticipated that Rostami Law will continue to collect assets of the Estate in the Labor Violations Litigation and remit any collected assets to the Trustee for the benefit of the Estate, undertake whatever steps are necessary to maximize recovery to the Estate, and perform such other legal services as may be required by the Trustee in the furtherance of his duties and in the exercise of his powers pursuant to the Bankruptcy Code.

13. To the best of the Trustee's knowledge, based upon the attached Affidavit of Florence Rostami in support of the Application ("***Rostami Affidavit***"), as of the Petition Date, Rostami Law is not owed any fees or reimbursement of expenses by the Debtor, and therefore is not a creditor of the Debtor.[1]

14. Based upon the Rostami Affidavit, Rostami Law represents no entity in connection with this case, is a disinterested person and represents or holds no interest adverse to that of the Trustee or the Estate with respect to the matters for which it is to be retained, and the employment of said firm as counsel for the Trustee would be in the best interest of the Estate.

15. Based upon the Rostami Affidavit, the Trustee submits that Rostami Law is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14). The Trustee has been informed that Rostami Law will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Rostami Law will supplement its disclosure to the Court.

16. Rostami Law has represented to the Trustee that it has not represented and will not represent any parties other than the Trustee in this case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this case, except that Rostami Law will continue to represent the interests of the plaintiffs in matters other than the collection of Estate assets in the Labor Violations Litigation.

17. The Trustee understands that during the bankruptcy case, Rostami Law may apply to the Court for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

---

[1] The Judgment against the Debtor contains an award of attorneys' fees and costs to plaintiffs in the Labor Violations Litigation.

Local Rules of this Court, the guidelines established by the UST, and orders of this Court for all services performed and expenses incurred after the Petition Date.

18. Pursuant to Bankruptcy Code § 328(a), the Trustee may retain Rostami Law, on any reasonable terms and conditions. The Trustee and Rostami Law have agreed that Rostami Law will be paid an hourly rate of $500 for services rendered by any of its attorneys to the Trustee. As set forth in the Rostami Affidavit, that is the rate the general marketplace pays Rostami Law for legal services in other matters every day and is reasonable as determined by the market at arm's length. Rostami Law adjusts its hourly rates annually in January. In addition, Rostami Law will be reimbursed for actual and necessary expenses incurred according to Rostami Law's customary reimbursement policies that cover filing fees, Westlaw searches, printing and photocopying expenses, transportation expenses, and other typical law firm expenses, subject to Bankruptcy Court approval.

19. Pursuant to Bankruptcy Code § 330(a)(1)(A), the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with the Debtor's case. Any payment of fees and reimbursement of expenses to Rostami will be upon an appropriate application to this Court pursuant to Bankruptcy Code §§ 330 and 331, after notice and a hearing.

20. Ten business days prior to any increases in Rostami Law's rates, for any individual employed by Rostami Law and retained by the Trustee providing services in this case, Rostami Law shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to Bankruptcy Code § 330(a)(3)(F).

21. The Trustee, after reviewing the problems and difficulties that may arise during pendency of this case, believes that the employment and retention of Rostami on the terms and

conditions set forth herein is necessary and in the best interests of the Debtor, the Debtor's Estate, and its creditors. Rostami Law is well qualified to perform the legal services as described above, and the Trustee knows of no reason why Rostami Law should not be retained. The Trustee requests that the Court enter an Order approving his retention and employment of Rostami Law as special counsel.

22. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee requests that this Court enter an Order authorizing the Trustee to retain and engage Rostami Law as his special counsel under a general retainer effective as of the Petition Date.

Dated: New York, New York  
       July 24, 2023

Respectfully submitted,

*/s/ Alan Nisselson*  
Alan Nisselson, Chapter 7 Trustee

WINDELS MARX LANE & MITTENDORF, LLP  
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By:   */s/ Alan Nisselson*  
      Alan Nisselson (anisselson@windelsmarx.com)  
      A Member of the Firm  
      156 West 56th Street  
      New York, New York 10019  
      Tel. (212) 237-1000 / Fax. (212) 262-1215

Florence Rostami (frostami@rostamilaw.com)
FLORENCE ROSTAMI LAW, PLLC
The Graybar Building
420 Lexington Avenue, Suite 1402
New York, New York 10170
(Tel. (212) 209-3962

*Proposed Special Counsel to Alan Nisselson, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re | Chapter 7 |
|---|---|
| MIHO MAKI, | Case No. 23-10978-mg |
| Debtor. | |

**AFFIDAVIT OF FLORENCE ROSTAMI IN SUPPORT OF TRUSTEE'S APPLICATION PURSUANT TO BANKRUPTCY CODE § 327(a) FOR AUTHORITY TO RETAIN AND EMPLOY FLORENCE ROSTAMI LAW, PLLC AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE JUNE 23, 2023**

**STATE OF NEW YORK** )
                                ) ss.:
**COUNTY OF NEW YORK** )

       FLORENCE ROSTAMI, being duly sworn, deposes and says:

       1.    I am a member of Florence Rostami Law PLLC ("***Rostami Law***"), which maintains offices located at The Graybar Building, 420 Lexington Avenue, Suite 1402, New York, New York 10170, and am duly admitted to practice in this Court.

       2.    I submit this affidavit in support of the application (the "***Application***")[2] of Alan Nisselson (the "***Trustee***"), as trustee for the Chapter 7 estate (the "***Estate***") of Miho Maki (the "***Debtor***"), pursuant to 11 U.S.C. §§ 327(a) and Federal Rule of Bankruptcy Procedure 2014(a), for authority to retain and employ Rostami Law as his special counsel, effective as of June 23, 2023 (the "***Petition Date***"), and to provide the disclosure required pursuant to Bankruptcy Rules 2014(a) and 2016(b), on the terms and conditions set forth in the Application.

---
[2] Capitalized terms used but not defined herein shall have the meanings given them in the Application.

{12203514:1}

3. I will be primarily responsible for the Trustee's representation. Neither I, Rostami Law, nor any member or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, its creditors, or any party in interest herein, except that the law firm may represent and may have represented one or more of the Debtor's creditors in matters unrelated to this Case or to any other matter involving the Debtor. In addition, Rostami Law is counsel to the plaintiffs in the Labor Violations Litigation pending in the District Court.

4. Neither I nor my firm holds or represents any interest adverse to the Trustee, the Estate, or any class of creditors herein, in connection with the matters upon which it is to be engaged, except that Rostami Law will continue to represent the interests of the plaintiffs in matters other than the collection of Estate assets in the Labor Violations Litigation.

5. Rostami Law is not owed any fees or reimbursement of expenses by the Debtor, and therefore is not a creditor of the Debtor. It should be noted, however, that the Judgment against the Debtor contains an award of attorneys' fees and costs to plaintiffs in the Labor Violations Litigation. The Firm has not represented and will not represent any parties other than the Trustee in this case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this Case.

6. Rostami Law is disinterested as that term is defined in Bankruptcy Code § 101(14).

7. Rostami Law seeks to be retained and employed as special counsel to the Trustee under a general retainer during pendency of this Case, as of the Petition Date, the date Rostami Law began rendering services to the Trustee in the Debtor's case.

8. Rostami Law will seek allowances of compensation and reimbursement of actual and necessary expenses from the Estate pursuant to the terms of its retention, and in accordance

with the applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules of this Court, guidelines established by the UST, and orders of this Court for all services performed and expenses incurred after the Petition Date.

9. Rostami Law will charge an hourly fee of $500.00 for services rendered by any of its attorneys to the Trustee, which is the rate the general marketplace pays Rostami Law for legal services in other matters every day and is reasonable as determined by the market at arm's length. Rostami Law adjusts its hourly rates annually in January. In addition, Rostami Law will be reimbursed for actual and necessary expenses incurred according to Rostami Law's customary reimbursement policies that cover filing fees, Westlaw searches, printing and photocopying expenses, transportation expenses, and other typical law firm expenses, subject to Bankruptcy Court approval.

10. No agreement exists between Rostami Law and any third person for the sharing of compensation in connection with this case, except as allowed by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016 in respect to sharing of compensation among members and associates of Windels Marx.

                                                        */s/ Florence Rostami*
                                                        Florence Rostami

Sworn to before me this 24th day of July 2023

*/s/ Neal Haber*
Notary Public, State of New York
NEAL HABER
Notary Public, State of New York
No. 4780422
Qualified in Westchester County
Commission Expires June 30, 2027