UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

RAMEN-YA INC.,

Debtor.

Chapter 7

Case No. 23-10979-mg

## ORDER PURSUANT TO BANKRUPTCY CODE § 327(a) AUTHORIZING TRUSTEE TO RETAIN AND EMPLOY FLORENCE ROSTAMI LAW, PLLC AS SPECIAL COUNSEL EFFECTIVE JULY 5, 2023

Upon the application dated July 24, 2023 (the "*Application*"), of Alan Nisselson (the "*Trustee*"), as trustee for the chapter 7 estate (the "*Estate*") of Ramen-ya Inc. (the "*Debtor*"), for authority to retain and employ Florence Rostami Law LLC ("*Rostami Law*"), as his special counsel effective as of July 5, 2023, under a general retainer agreement, and the affidavit sworn to on July 24, 2023 of Florence Rostami, Esq., a member of Rostami Law; and it appearing that Rostami Law neither represents nor holds any interest adverse to the Trustee or the Debtor's Estate and are disinterested persons with respect to the matters for which they are to be retained, is to be employed for a specified special purpose, and that the employment of Rostami Law as special counsel for the Trustee would be in the best interests of the Debtor's Estate; and it appearing that the attorneys of Rostami Law who will be assigned to this matter are attorneys duly admitted to practice in this Court; and sufficient cause appearing therefore and no adverse interest being represented, it is hereby it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §§ 327(a) and 328(a), the Trustee is hereby authorized and empowered to employ and retain Rostami Law effective as of July 5, 2023 to act as his special counsel, to pursue the Estate's assets in the Labor Violations Litigation pending in the District Court (as defined and described in the Application), and to be compensated upon appropriate application to this Court pursuant to 11 U.S.C. §§ 330 or 331; and it is further

**ORDERED,** that any funds received from the Labor Violations Litigation on behalf of the Trustee's claims for the Estate shall be turned over to the Trustee; and it is further

**ORDERED,** that Rostami Law shall <u>not</u> hire outside counsel or co-counsel without the Trustee's approval and any outside counsel or co-counsel may only be employed subject to prior Court approval and upon appropriate application under Bankruptcy Code § 327, and any co-counsel's or outside counsel's compensation shall be subject to the provisions of Bankruptcy Code §§ 330, 331 and 504, Bankruptcy Rule 2016, and the New York Rules of Professional Conduct; and it is further

**ORDERED,** that the Court, upon appropriate application and upon notice and a hearing pursuant to 11 U.S.C. §§ 330 or 331, shall hereafter fix compensation and reimbursement of expenses to Rostami Law for its services on behalf of the Trustee; and it is further

**ORDERED,** that the Estate will not be liable for payment of any interest incurred on expenses; and it is further

**ORDERED,** that the Bankruptcy Court shall have sole jurisdiction with respect to any dispute that may arise between the Trustee or the Debtor and Rostami Law regarding the subject matter of this Order; and it is further

**ORDERED,** that should Rostami Law desire to withdraw as special counsel, it must do so by motion to the Bankruptcy Court; and it is further

**ORDERED,** that any settlement of the Labor Violations Litigation shall be subject to the Trustee's written consent and subject to approval of this Court, or the District Court after the reference of that matter has been withdrawn, upon proper application.

**IT IS SO ORDERED.**

Dated: July 26, 2023
       New York, New York

                                                    **/s/ Martin Glenn**
                                                    MARTIN GLENN
                                                    Chief United States Bankruptcy Judge

No Objection:
Office of the United States Trustee
Dated: July 25, 2023


By:     /s// Greg Zipes
         Greg Zipes, Trial Attorney